IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | Cr. No. 7:07-711-TMC |
| v. | ) | |
| | ) | **OPINION & ORDER** |
| Anthony Hall, | ) | |
| | ) | |
| Movant. | ) | |

This matter is before the court on Anthony Hall's ("Hall") motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The government has filed a motion for summary judgment.

On August 22, 2007, Hall pled guilty to one count of conspiracy to distribute five kilograms or more of cocaine and fifty grams or more of crack cocaine, in violation of 21 U.S.C. § 846. On February 19, 2008, United States District Judge Henry F. Floyd sentenced Hall to 120 months imprisonment, followed by five years of supervised release. Hall did not appeal his conviction and sentence. He filed this § 2255 Motion on August 3, 2011. This matter was assigned to the undersigned on October 27, 2011.

## DISCUSSION

There is a one-year statute of limitations for filing a motion under § 2255, which provides as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–(1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the

> Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). An unappealed federal criminal judgment becomes final for purposes of § 2255 when the time for filing a direct appeal expires. *United States v. Sanders*, 247 F.3d 139, 142 (4th Cir. 2001) (finding that a defendant's conviction becomes "final on the date upon which he decline[s] to pursue further direct appellate review"); *Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999) ("If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired."). Under former Rule 4(b)(1)(A), Fed. R. Civ. P., applicable when Hall was sentenced, he had ten days to appeal his conviction and sentence after entry of judgment on February 19, 2008.[1] Hall did not appeal his conviction and sentence and the instant § 2255 motion was not filed until over three years later on August 3, 2011. Based on the foregoing, Hall's motion is time-barred under §2255(f)(1). In addition, Hall's claims are time-barred under § 2255(f)(2). Hall does not allege that any impediment created by the government prevented him from filing the instant motion. Further, there is no evidence of any impediment. As such, Hall's claims are also untimely under § 2255(f)(2).

In his response to the government's summary judgement motion, Hall contends that § 2255(f)(3) applies. Hall contends the time for him to file began to run on February

---

[1] Currently, Rule 4(b)(1)(A) provides that a defendant has 14 days to appeal a final judgment in a criminal case.

12, 2010, and he had until February 12, 2011, to file a § 2255 motion. Even accepting Hall's argument, this petition is still not timely as it was filed August 3, 2011.

Finally, § 2255(f)(4) does not permit Hall to bring an otherwise untimely motion as the facts supporting his claims were available to him through the exercise of due diligence as of the date judgment was entered. Therefore, Hill's § 2255 motion is time-barred.

Although Hall has submitted no evidence that equitable tolling applies, the court has reviewed the record in this case to see if equitable tolling should be applied. Equitable tolling is seldom applicable. It is available "only in those rare instances where–due to circumstances external to the party's own conduct–it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (*quoting Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003)) (internal quotation marks omitted). Thus, for equitable tolling to apply, an otherwise time-barred criminal defendant must present evidence of "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Sosa*, 364 F.3d at 512 (*quoting Rouse*, 339 F.3d at 246) (internal quotation marks omitted). The court finds equitable tolling is not applicable to this motion.

The court notes that the basis for Hall's § 2255 motion is a request to be re-sentenced with the benefit of the Fair Sentencing Act of 2010 ("FSA"). The FSA, however, is not retroactive. *See United States v. Bullard*, —— F.3d ——, No. 09–5214, 2011 WL 1718894, at * 10 (4th Cir. May 6, 2011). Furthermore, Hall is not entitled to a sentence reduction pursuant to 18 U.S.C. ¶ 3582(c)(2) because his current sentence of 120 months is not "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," but rather is based on the statutory mandatory

minimum sentence pursuant to 21 U.S.C. § 841. *See United States v. Sykes*, 658 F.3d at 1140, 1146 (9th Cir.2011) ("A retroactive amendment to the Guidelines cannot reduce a sentence below the statutory minimum term.").

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

Therefore, it is

**ORDERED** that Hall's § 2255 motion (Dkt. # 1495) is dismissed.  It is further

**ORDERED** that a certificate of appealability is denied because Hall has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Greenville, South Carolina
January 9, 2012

### NOTICE OF RIGHT TO APPEAL

The Movant is hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.