IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| United States of America | Criminal Action No. 7:07-cr-00711-JMC-5 |
| v. | **ORDER AND OPINION** |
| Nathaniel Maurice Gaffney, | |
| Defendant. | |

This matter is before the court on Nathaniel Maurice Gaffney's (Defendant) Motion for a Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendments 750 and 759 to the Sentencing Guidelines (ECF No. 1620), filed December 3, 2012. The above-captioned case was remanded from the United States Court of Appeals for the Fourth Circuit. *See United States v. Gaffney,* 524 F. App'x 24 (4th Cir. 2013). For the reasons set forth herein, the court **GRANTS** Defendant's Motion.

On October 12, 2007, Defendant pled guilty to conspiracy to possess with intent to distribute five kilograms or more of cocaine and fifty grams or more of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. (ECF Nos. 744, 433). During Defendant's plea, the government and Defendant stipulated that Defendant was responsible for 150 grams to 500 grams of crack cocaine. (ECF No. 937 at 26). Under the guidelines at that time, this drug amount established a base offense level of thirty-two. *See* United States Sentencing Commission, *Guidelines Manual ("U.S.S.G.")* § 2D1.1(c)(4) (2007). Defendant's base offense level was increased by two levels because he possessed a dangerous weapon in connection with this offense. (ECF No. 937 at 53). He received a three-level reduction for his acceptance of responsibility. *Id.* Therefore, Defendant's total offense level was thirty-one. (*See* ECF No.

1

1123 at 1). Defendant had a criminal history category of III. *Id.* Thus, Defendant's guideline range was 135 to 168 months. *Id.* On April 21, 2008, the Honorable Henry F. Floyd sentenced Defendant to a 135-month term of imprisonment followed by a five-year period of supervised release. (ECF No. 1122).

Section 3582(c)(2) authorizes a court to modify a defendant's sentence where he "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commissioner" so long as the amendment to the guidelines applies retroactively. *Id.*; *U.S. v. Turner,* 472 F. App'x 232, 233 (4th Cir. 2012). While it is within the discretion of the district court to reduce a defendant's sentence, the court must consider the factors listed in 18 U.S.C. § 3553(a) where applicable. *See* 18 U.S.C. § 3582(c)(2). Amendment 750, which reduced the offense levels for certain crack cocaine offenses under U.S.S.G. § 2D1.1(c), became effective on November 1, 2011, and it applies retroactively. U.S.S.G. App. C Amend. 759. As Defendant was sentenced on April 21, 2008, he is eligible to benefit from the retroactive application of Amendment 750.

Under the amended Sentencing Guidelines, Defendant has a base offense level of twenty-eight. *See U.S.S.G.* § 2D1.1(c)(6) (2012). After the adjustments for possession of a dangerous weapon and acceptance of responsibility are taken into account, Defendant's total offense level is reduced to twenty-seven. Given Defendant's criminal history category of III, his revised guidelines range is 87 to 108 months. However, at the time of his original sentencing, Defendant was subject to a statutory mandatory minimum of 120 months for his offense. *See* 21 U.S.C. § 841(b)(1)(A) (2006). Therefore, Defendant is only eligible for a reduction to 120 months. *See Dorsey v. United States,* 132 S. Ct. 2321, 2327 (2012) (explaining that "ordinarily no matter what range the Guidelines set forth, a sentencing judge must sentence an offender to at

least the minimum prison term set forth in a statutory mandatory minimum."); *United States v. Gaffney,* 524 F. App'x 23, 25 (4th Cir. 2013) ("The FSA [which] increased the threshold quantities of crack required to trigger certain mandatory minimum sentences…is only retroactively applicable to defendants who were sentenced after its effective date of August 3, 2010.").

The court, having considered the factors outlined in 18 U.S.C. § 3553(a), finds that a sentence of 120 months is fair and reasonable under the circumstances of this case.

Thus, the court **GRANTS** Defendant's Motion for a Reduction of Sentence (ECF No. 1620) and imposes a sentence of 120 months with all other terms and conditions of Defendant's original sentence remaining the same.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

Greenville, South Carolina
December 5, 2013